# Weaver v. Morgan's Executors.

### Action for Medical Services rendered.

Entries in physician's books. — In an action to recover the value of medical services rendered by a deceased physician, if the original entries in his books are offered in evidence by the plaintiff (Rev. Code, § 2700), and their correctness is denied on oath by the defendant, they are to be rejected, and excluded from the jury ; and after this has been done the defendant has no right to testify in his own behalf, as to which of the entries are correct, and which are incorrect.

[Weaver *v.* Morgan's Executors.]

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. M. J. SAFFOLD.

S. LEA, for appellant.

BROOKS, HARALSON & ROY, *contra.*

PETERS, J. — This is an action at law for the recovery of
a promissory note, and a physician's account for his medical
services.    The physician died after the services were rendered,
and the suit is brought by his executors.    Weaver was defend-
ant in the court below.    On the trial in the court below, the
plaintiffs recovered judgment for $455 damages, together with
costs.    From this judgment Weaver appeals to this court.
There were two exceptions taken by the defendant on the
trial in the court below ; upon these exceptions the errors are
assigned.    They are set out in the words of the bill of excep-
tions below.    On the trial, the original entries in the book of
the testator, who was a physician, were offered as evidence for
the plaintiffs, to prove that the services were rendered.    To
this there was no objection.    The plaintiff offered other evi-
dence, tending to prove the value of the services charged in
the book of entries above said.    To this there was no objection.
The defendant in the court below was then sworn as a witness
for himself ; and the bill of exceptions states that " he was
asked if the entries in the book offered in evidence were a cor-
rect statement ?    To which question he replied that they were
not ; and the court excluded the book from the jury at the re-
quest of the defendant.    His counsel then offered to hand the
witness the book offered in evidence, and to ask him which of
said entries were correct, and which were not ; stating, at the
same time, that the witness did not propose to dispute or deny
the whole account, but that he admitted a part of said account
to be correct.    The plaintiff's counsel objecting, the court re-
fused to allow him to give any such statement, but was required
simply to deny the entries in the book as a whole, and without
qualification ; to which the defendant excepted."

The second exception is thus stated in the record : " The
court thereupon gave a general charge to the jury, to which
neither party excepted ; but the plaintiffs requested the court
to further charge the jury that they might look to the whole
evidence, outside the said book of original *returns* " (entries ?)
" of the said Morgan (the deceased), to show that the services
were rendered by him to the defendant for which *he* was
suing ; which charge the court gave, and the defendant ex-
cepted."

The bill of exceptions does not show that all the evidence
delivered to the jury is set out in the bill of exceptions.

1. The first exception, above recited, seems to invoke an exposition of the section of the Code making the " entry in his books by a physician evidence of service, unless denied on oath," when the suit is for his medical services. This section of the statute is in these words: " The original entries in the books of a physician are evidence for him, in all actions brought for the recovery of his medical services, that the service was rendered, unless the defendant, in open court, deny upon oath the truth of such entries; but he is required to prove the value of such services. Where the denial is by a legal representative of the party, it is sufficient for him to swear that he believes it to be untrue." Rev. Code, § 2700. It seems that the denial of the truth of the entries renders the book incompetent. This was the construction of the court below. Therefore, upon the proper denial of the entries by the defendant, the book was properly excluded. After this, the defendant proposed to admit such of the entries as he esteemed correct, and at ·the same time to point out those which were incorrect, or which he was not willing to admit. To this the plaintiffs objected, and the court refused to permit it. This action of the court gave rise to the first exception. Against the deceased physician, the defendant could only become a competent witness to deny the truth of the entries. Beyond this he was not competent to testify as to any transaction with or statement by the testator, unless called to testify thereto by the plaintiffs. Rev. Code, § 2704. Here the transaction was one with the testator, and the witness was not called by the plaintiffs, but they rejected him. This they had the right to do, and I do not see how the defendant could be injured by it. Besides, the book had been rejected, and it was no longer before the court for explanation or qualification. If, however, it was the purpose of the defendant to admit some of the items or entries of the book, in order to reject and disprove the others, then he was going beyond the purpose of this statute. He can do but a single thing under this statute, that is, " in open court deny upon oath the truth " of the entries in the book. If the defendant seeks to go beyond this, his competency must be governed by another rule, and this rule excludes him. Rev. Code, § 2704. The court did not err in this ruling.

The second exception was based on the instruction to the jury. The court charged the jury that they might look outside the book, to the whole evidence, to show the services were rendered by the deceased as a physician, to recover which the suit is brought. There was no error in this. The bill of exception does not profess to set out all the evidence. It must be presumed, then, in support of the ruling of the court, that

[Leonard v. Forcheimer.]

there was other evidence of the services outside the book. If there was, then there was no error in the instruction.

The judgment of the court below is affirmed.